IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIEL LOREN JENKINS,

        Petitioner,

    v.

GUY HALL,

        Respondent.

Civil No. 2:11-cv-01307-PA

OPINION AND ORDER

THOMAS J. HESTER
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR  97204

    Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
FREDERICK M. BOSS
Deputy Attorney General
KRISTEN E. BOYD
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

    Attorneys for Respondent

PANNER, Judge.

Petitioner, an inmate at the Two Rivers Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the court DENIES the Petition for Writ of Habeas Corpus.

## PROCEDURAL BACKGROUND

On January 19, 1999, a Multnomah County grand jury indicted Petitioner on charges of Theft in the First Degree, Forgery in the First Degree, Tampering with Public Records, Menacing, and Solicitation to Commit Murder. Resp. Exh. 102. The Solicitation to Commit Murder charge was dismissed shortly thereafter. On June 16, 1999, a Multnomah County grand jury issued a new, separate indictment on one count of Solicitation to Commit Aggravated Murder. The two cases were consolidated and tried to a jury.

At the close of evidence, the trial judge dismissed the Menacing charge for lack of evidence. The jury then found Petitioner guilty on the remaining charges. On appeal, the Oregon Court of Appeals affirmed the convictions for Theft, Tampering, and Forgery, but overturned the conviction for Solicitation to Commit Aggravated Murder. *State v. Jenkins*, 190 Or. App. 542, 79 P.3d 347 (2003, *adhered to as modified on reconsid.*, 191 Or. App. 617, 83 P.3d 390 (2004).[1] The state sought review of the decision

---

[1]The factual background of the charges as adduced at trial is summarized at some length in the Oregon Court of Appeals opinion,

overturning the solicitation charge, but the Oregon Supreme Court denied the state's petition for review. *State v. Jenkins*, 337 Or. 160, 94 P.3d 876 (2004).

Petitioner was later re-tried on the Solicitation charge, and a jury again found him guilty. Petitioner appealed that conviction, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *State v. Jenkins*, 227 Or. App. 506, 206 P.3d 286, *review denied*, 346 Or. 362, 211 P.3d 931 (2009). The second Solicitation conviction is not challenged in this habeas action; the only convictions at issue here are for Theft in the First Degree, Forgery in the First Degree, and Tampering with Public Records.

While the direct appeal from the second Solicitation to Commit Murder conviction was pending, petitioner was simultaneously pursuing state post-conviction relief ("PCR") on the original Theft, Forgery, and Tampering convictions. Following an evidentiary hearing, the PCR trial judge denied relief. Petitioner appealed, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Jenkins v. Hall*, 237 Or. App. 575, 241 P.3d 356 (2010), *rev. denied*, 349 Or. 602, 249 P.3d 123 (2011).

---

which the court will not repeat here.

3 - OPINION AND ORDER -

On October 31, 2011, Petitioner filed his Petition for Writ
of Habeas Corpus in this court.   Petitioner challenges the
convictions for Theft in the First Degree, Forgery in the First
Degree, and Tampering with a Public Document on three grounds:

> **Ground One:**   Ineffective Assistance of Counsel where
> defense attorney failed to move for mistrial during and
> after improper closing rebuttal argument from state
> prosecutor.
> **Supporting Facts:**   State prosecutor made a series of
> prohibited arguments in closing which were calculated to
> inflame the passions of the jury, appeal to prejudice,
> and were outside the trial record.   The prosecutor told
> the jury that Petitioner was mentally ill in the absence
> of any foundational evidence.   Prosecutor urged the jury
> to convict Petitioner on the basis of the alleged mental
> illness warning the jury panel of dire consequences and
> individual reprisals against trial witnesses and the
> jury panel should the jury fail to convict.
>
> **Ground Two:**   Ineffective Assistance of Counsel where
> defense attorney failed to investigate, research, and
> understand the facts and the law of two search incidents
> of Petitioner which occurred Dec. 31, 1998.
> **Supporting Facts:**   Trial counsel failed to (1) challenge
> the   administrative   and   warrantless   search   of
> petitioner's Yahoo e-mail account at the Multnomah
> County Public Library on Dec. 31, 1998, said search
> violated the Fourth Amendment, U.S.C.A. and the Federal
> Wiretap Statutes; (2) challenge the warrantless and
> unreasonable search of Petitioner's Washington residence
> on Dec. 31, 1998, said search violated the Fourth
> Amendment, U.S.C.A.; (3) challenge the Oregon lex fori
> evidentiary rule which violates the Full Faith and
> Credit Clause to Article IV, Section I, United States
> Constitution.
>
> **Ground Three:**   Ineffective Assistance of Counsel where
> former   defense   counsel   failed,   upon   request,   to
> surrender the client case file to Petitioner.
> **Supporting Facts:**   Trial counsel's failure to tender the
> case file to Petitioner resulted in a violation of the
> Due   Process   and   Equal   Protection   Clauses   to   the

Fourteenth Amendment of the United States Constitution. The file was necessary and critical to the establishment and presentation of Petitioner's Post-Conviction Claims for Relief. The refusal to tender the case file constitutes a denial of access to the court. Petitioner was denied the opportunity to present and exhaust all of his claims by former defense counsel's refusal to turn over the case file.

The court subsequently appointed counsel to represent petitioner. In the Brief in Support of Petition, petitioner addresses only two claims: (1) trial counsel's ineffectiveness in failing to challenge the search of petitioner's Washington residence on December 31, 1998; and (2) trial counsel's ineffectiveness in failing to move for a mistrial during or after the prosecutor's closing argument. Respondent argues Petitioner failed to meet his burden on the claims not addressed in his Brief in Support of Petition, and that the state PCR court's decision denying relief on the remaining two claims is entitled to deference because it was not contrary to or an unreasonable application of clearly established federal law.

## DISCUSSION

### I. Ineffective Assistance of Counsel Claims

#### A. Legal Standards

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an

unreasonable application of, clearly-established federal law, as determined by the Supreme Court of the United States" or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" federal law under the AEDPA if it either fails to apply the correct Supreme Court authority or applies the correct controlling authority to a case involving "materially indistinguishable" facts but reaches a different result. *Williams v. Taylor*, 529 U.S. 362, 405-07, 413 (2000). Similarly, a state court decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (citations omitted).

An unreasonable application of federal law is a different than an incorrect application of federal law. *Hibbler v. Benedetti*, 693 F.3d 1140, 1148 (9th Cir. 2012), *cert. denied*, 133 S.Ct. 1262 (2013). "'[T]he question . . . is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold.'" *Id.* at 1146 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). Moreover, the state court's

findings of fact are presumed correct, and a petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

To prevail on a claim of ineffective assistance of counsel, petitioner must show both (1) that the attorney's performance fell below an objective standard of reasonableness; and (2) that the performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 688 (1984). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, or what "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. Reasonableness is judged as of the time of counsel's conduct, not in hindsight. *Id.* at 689-90.

A federal court reviews a state court's application of Strickland for reasonableness, not for correctness. *Premo v. Moore*, 562 U.S. 115, 131 S.Ct. 733, 740 (2011). The federal court does not ask "'whether counsel's actions were reasonable'" but "'whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.'" *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 788 (2011)). "Accordingly, a 'doubly deferential judicial review' applies to Strickland claims rejected by the state court." *Id.* (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).

## B.   Failure to Object to Prosecutor's Closing Argument

Petitioner contends trial counsel provided constitutionally ineffective assistance of counsel when he failed to move for a mistrial based upon statements made by the prosecution in rebuttal on closing argument.   In particular, Petitioner argues the prosecutor told the jury he was mentally ill, urged the jury to convict petitioner on the basis of the alleged mental illness, and warned the jury panel of dire consequences and ·individual reprisals against trial witnesses and jury members should the jury fail to convict.

In determining whether comments made by the prosecution in closing argument warrant reversal, the relevant inquiry is whether the prosecutor's remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristorforo*, 416 U.S. 637, 643 (1974).   "It is not enough that the prosecutor's remarks were undesirable or even universally condemnned." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (internal quotations omitted).

To establish a claim of ineffective assistance of counsel resulting from counsel's failure to object during closing argument, a petitioner must show that the prosecutor made an egregious statement, and that counsel failed to object.   *United States v. Necoechea*, 986 F.2d 1273, 1281 (9th Cir. 1993).   As the Ninth Circuit explained:

8 - OPINION AND ORDER -

> Because many lawyers refrain from objecting during
> opening statement and closing argument, absent egregious
> misstatements, the failure to object during closing
> argument and opening statement is within the "wide
> range" of permissible professional legal conduct.

*Id.* (citing *Strickland*, 466 U.S. at 669).

Here, trial counsel did object when the prosecutor referred to Petitioner's explosive reaction in the courtroom during a witness's testimony. The trial judge overruled the objection, and trial counsel attested in the PCR proceeding that he did not want to underscore the incident and did not believe further motions or objections would have made a difference. In any event, the trial court provided appropriate jury instructions on the manner in which the jury may consider attorneys' arguments and the jury is presumed to have followed those instructions. Finally, the prosecutor's statements about Petitioner's mental status did not result in an unfair trial warranting reversal of the convictions at issue herein. Accordingly, the state PCR court's decision denying relief on this claim is not contrary to or an unreasonable application of clearly established law, and Petitioner is not entitled to habeas corpus relief.

**C.    Failure to Challenge the Warrantless Search of Petitioner's Residence**

In ground two, Petitioner alleges ineffective assistance of counsel for failing to effectively challenge a December 31, 1998, search of Petitioner's residence as warrantless and unreasonable.

In his brief in support, Petitioner acknowledges trial counsel
filed a motion to suppress the December 31, 1998, search, which
the trial judge denied.  Petitioner argues, however, that counsel
was ineffective in litigating the motion to suppress because he
challenged the police conduct based on Washington state law.  In
support of his argument, Petitioner offers a transcript from
Petitioner's 2005 retrial on the Solicitation charge, during which
counsel challenged the police conduct based on Oregon law.[2]

In the state PCR proceeding, trial counsel explained his
strategy on the suppression motions as follows:

> I filed motions to suppress evidence in
> [petitioner's] cases.  I challenged both the search of
> [petitioner's] residence in the State of Washington, and
> I challenged the affidavits used to support the
> applications for the search warrants.  I cited both
> Oregon and Washington state law, as well as federal law.
>
> At the time when the first case was litigated, it
> was my opinion that Washington case law gave
> [petitioner] the strongest chance for success because
> the case law was unclear at the time which state law
> applied when there was an Oregon indictment and a
> Washington search.  Subsequent to [petitioner's] case
> being litigated, case was written that supported the
> application of Oregon law in situations involving both
> states.

---

[2]The court could locate no evidence in this record of the
outcome of Petitioner's motion to suppress during the second
Solicitation trial, *i.e.*, whether the argument based upon Oregon
law was successful.  As noted, however, Petitioner was again
convicted, and the conviction and sentence were upheld on direct
appeal.

Resp. Exh. 131, pp. 1-2. Counsel's decision to pursue a different legal strategy in the second Solicitation trial does not render his strategy in the original trial objectively unreasonable. The PCR trial court correctly evaluated counsel's conduct in light of the facts and circumstances at the time of the original trial.

In any event, even if counsel should have argued the motion to suppress differently, Petitioner cannot establish prejudice with respect to the convictions at issue herein. Petitioner did not deny the facts underlying the convictions for Theft in the First Degree, Forgery in the First Degree, and Tampering with Public Records; his only argument related to his intent in using the file, *i.e.*, that he intended to use the file to publicly embarrass the victim but not to solicit his murder.

The PCR court's decision denying relief on Ground Two was not contrary to or an unreasonable application of *Strickland*. Accordingly, Petitioner is not entitled to habeas corpus relief on the claim alleged in Ground Two.

## II.  Claims Not Address in Petitioner's Brief in Support of Petition

As noted above, petitioner does not provide argument to support the numerous remaining claims alleged in his Petition. Additionally, Petitioner does not attempt to refute Respondent's argument that these claims do not entitle him to habeas corpus relief. Accordingly, Petitioner has failed to sustain his burden

of demonstrating why he is entitled to relief on his unargued claims. *See Lambert v. Blodgett*, 393 F.3d 943, 970 n. 16 (9th Cir. 2004) (petitioner bears burden of proving his case), *cert. denied*, 546 U.S. 963 (2005); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004) (same), *cert. dismissed*, 545 U.S. 1165 (2005). Nevertheless, the Court has reviewed his unargued claims and is satisfied that Petitioner is not entitled to relief on the remaining claims alleged in his Petition for Writ of Habeas Corpus.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that the Petition for Writ of Habeas Corpus is DENIED, and this action is DISMISSED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this ___12___ day of January, 2015.

Owen M. Panner
United States District Judge